UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.:

RECEIPT # 54943
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. B
DATE 3-31-04

PRISCILLA DUNCAN, GARY PETERSON AND
MICHAEL ATHANAS, TRUSTEES OF MARBLEHEAD
HARBOR CONDOMINIUM TRUST,
    PLAINTIFFS,

v.

MICHEAL D. BROWN, DIRECTOR FEDERAL
EMERGENCY MANAGEMENT AGENCY
UNDER SECRETARY OF EMERGENCY
PREPAREDNESS AND RESPONSE OF THE
DEPARTMENT OF HOMELAND SECURITY,
    DEFENDANT.

04CV 10626

MAGISTRATE JUDGE Collings

## COMPLAINT

1. The plaintiffs Priscilla Duncan, Gary Peterson and Michael Athanas are Massachusetts residents and are Trustees of the Marblehead Harbor Condominium Trust pursuant to a declaration of trust dated April 29, 1976 and recorded in the Essex County Registry of Deeds at Book 6236, Page 208.

2. This action is brought on behalf of the said Condominium Trust and on behalf of its unit owners.

3. Michael D. Brown is the Director of the Federal Emergency Management Agency and is the Under Secretary of Emergency Preparedness and Response in the Department of Homeland Security and is sued in said capacity and not individually.

4. The defendant Michael D. Brown in the aforesaid capacity oversees the National Flood Insurance Program.

5. The plaintiffs Condominium Trust was the purchaser of a Residential Condominium Building Association Standard Flood Insurance Policy issued pursuant to the National Flood Insurance Program as administered by the Federal Insurance Administration as part of the Federal Emergency Management Agency.

6. This Court has jurisdiction over this matter pursuant to federal law including, but not limited to, Title 42 of the United States Code Section 4072 which provides for the commencement of actions against the Director in the United States District Court for the district in which the insured property or major part thereof is situated.

7. The property in question is situated in Marblehead, Massachusetts, accordingly, jurisdiction and venue properly rest with the United States District Court, District of Massachusetts situated in Boston.

8. Original exclusive jurisdiction is conferred upon the United States District Court to hear and determine actions relative to claims brought pursuant to Title 42, Section 4072 relating to claimants who have made claims for losses covered by flood insurance pursuant to the National Flood Insurance Act, The National Flood Insurance Program and Standard Flood Insurance Policies.

9. The plaintiffs herein did purchase a policy pursuant to the National Flood Insurance Act through the National Flood Insurance Program pursuant to a Standard Flood Insurance Policy.

10. On or within sixty (60) days after the alleged loss the plaintiffs submitted a Proof of Loss on the official form together with sworn statement signed by the insured relative to the amount of loss suffered and sought to be recovered.

11. The risks and losses claimed by the plaintiffs are risks and losses pursuant to which compensation to the plaintiffs would be provided pursuant to the policy of insurance.

12. On April 18, 2003, the Servicing Agent of the National Flood Insurance Program issued a claim denial letter for a portion of the claim made by the plaintiffs. A copy of the claim denial letter is annexed hereto as Exhibit 1.

13. Pursuant to the claim denial letter of April 18, 2003, "For the portion of the claim that remains denied, your have one year from our April 3, 2003 denial to file suit in the United States District Court for the district in which the insured property was located at the time of the loss."

14. On April 3, 2003, the Servicing Agent for the National Flood Insurance Program acknowledged receipt of the Proof of Loss submitted by the public adjuster for the plaintiffs in the amount of $101,598.94. Said letter indicated that the claimant/plaintiff had one year from the date of "this denial letter" to file suit in the United States District Court for the district in which the insured property was located at the time of loss. See Exhibit 2 hereto.

15. The plaintiffs hereby make claim for the denied amounts.

16. The plaintiffs state that it is entitled to the full amount of the claim, but has been denied the benefit of the policy of insurance and therefore seeks damages for the amount of the loss sustained by the plaintiffs unpaid by the defendant and the policy of insurance related thereto.

WHEREFORE, plaintiffs demand judgment in its favor against the defendant in such amount as the Court deems appropriate and just in light of the circumstances.

Respectfully submitted,

Priscilla Duncan, Gary Peterson and
Michael Athanas, Trustees of Marblehead
Harbor Condominium Trust, Plaintiffs,

By their Attorney,

Jonathon D. Friedmann
BBO #180130
Rudolph Friedmann LLP
92 State Street
Boston, MA 02109
(617) 723-7700

Dated:

3