UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
PRISCILLA DUNCAN,                       )
GARY PETERSON, AND                      )
MICHAEL ATHANAS,                        )
TRUSTEES OF MARBLEHEAD                  )
CONDIMINIUM TRUST                       )
                                        )
        Plaintiff,                      )
                                        )          C.A. No. 04-10626-REK
v.                                      )
                                        )
MICHAEL D. BROWN,                       )
DIRECTOR, FEDERAL                       )
EMERGENCY MANAGEMENT,                   )
HOMELAND SECURITY.                      )
                                        )
        Defendant.                      )
_____)

<u>DEFENDANT'S OPPOSITION TO REQUEST FOR DEFAULT</u>

The Complaint in this action was filed against Michael D. Brown, the Director of the

Federal Emergency Management Agency ("FEMA") on March 31, 2004.  Since that time, the

plaintiffs, Priscilla Duncan, Gary Peterson, Michael Athanas, Trustees of the Marblehead Harbor

Condominium ("Plaintiffs") have failed to serve both FEMA, a federal agency, <u>and</u> the Attorney

General of the United States in accordance with Rule 4 (i) of the Federal Rules of Civil

Procedure.  As service has not been accomplished, FEMA respectfully requests that this Court

deny Plaintiffs' Request for Default.

<u>ARGUMENT</u>

Rule 4 (i) of the Federal Rules of Civil Procedure sets forth the requirements of service of

process upon the United States, its agencies, and officers.  The rule prescribes that service be

effected upon the United States, its agencies, and officers, by delivering copies of the summons

and complaint to the United States Attorney by hand delivery or by registered or certified mail,

and by sending copies of the summons and complaint to the Attorney General of the United

States by registered or certified mail, and to the officer or agency by registered or certified mail.

Fed. R. Civ. P. 4 (i) (1).[1]

The Court acquires personal jurisdiction over a defendant only if the defendant is

properly served. Omni v. Capital v. Internat'l v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 103

(1987) ("[T] hough personal jurisdiction and service of process are distinguishable, they are

inextricably intertwined, since service of process constitutes the vehicle by which the court

obtains jurisdiction"); De La Cruz Arroyo v. Commissioner of Social Security, 215 F.3d 1311

(1st Cir. 1998) (Dismissal of case upheld when plaintiff failed to serve process seven months

after complaint was filed.); Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d

1228, 1232-34 (1st Cir. 1991) (Jurisdiction not established where no return of service). [2]

Since FEMA is an agency of the United States, the plaintiff was required by Rule (4)(i)

to serve FEMA, the United States Attorney's Office, and the Attorney General of the United

States. It is clear from the Request for Default that proper service has not been accomplished

since the filing of the Complaint.  Accordingly, the Plaintiffs have violated the service rule

---

[1]Similarly, if an individual employee of the federal government is being sued in his
personal capacity, service must be accomplished upon that individual and upon the United States
Attorney's Office, the Attorney General of the United States and the agency.  Rule (4) (i) (2) (B).

[2]It is the burden of the Plaintiff to establish that proper service has been effected.  United
States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988).  Here, Plaintiffs' request indicates that only
the U.S. Attorney's Office was served a copy of the complaint.

enveloped in Rule 4.  The defendant has not been brought within the jurisdiction of this Court,

and the Request for Default should be denied for failure of proper service.  <u>See</u> Fed. R. Civ. P.

4(i).

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:    /s/ Michael P. Sady
Michael P. Sady
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: July 26, 2004

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 26th day of July, 2004, a true copy of the above document
was served upon Jonathan D. Friedman, Rudolph Friedman, LLP, 92 State Street, Boston, MA.

 /s/ Michael P. Sady
Michael P. Sady
Assistant U.S. Attorney

3