UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PRISCILLA DUNCAN, GARY PETERSON AND MICHAEL ATHANAS, TRUSTEES OF MARBLEHEAD HARBOR CONDOMINIUM TRUST, <br><br>     Plaintiffs, <br> v. <br><br> MICHAEL D. BROWN, DIRECTOR FEDERAL EMERGENCY MANAGEMENT AGENCY UNDER SECRETARY OF EMERGENCY PREPAREDNESS AND RESPONSE OF THE DEPARTMENT OF HOMELAND SECURITY, <br><br>     Defendant. | Case No.: 04-10626 REK |

DEFENDANT'S ANSWER
TO PLAINTIFFS' COMPLAINT

The Defendant, Michael D. Brown, Under Secretary, Federal Emergency Management Agency, Department of Homeland Security, (Defendant is hereinafter referred to as "FEMA"), by counsel, and hereby responds to Plaintiffs' Complaint as follows:

1.     FEMA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.     The allegations in Paragraph 2 of the Complaint contain a description of Plaintiffs and the lawsuit to which no answer is required.

3.     The allegations in Paragraph 3 of the Complaint contain a description of Party Defendant and conclusions of law to which no answer is required. To the extent an answer is

required, FEMA admits Michael D. Brown is the Director of the Federal Emergency Management Agency and is the Under Secretary for Emergency Preparedness and Response, Department of Homeland Security.

4. The allegation in Paragraph 4 of the Complaint contains a description of Party Defendant and conclusions of law to which no answer is required. To the extent an answer is required, FEMA states it administers the National Flood Insurance Program (NFIP) pursuant to the National Flood Insurance Act, 42 U.S.C. §§ 4001 *et seq.,* and the implementing regulations found in title 44 of the Code of Federal Regulation.

5. FEMA admits the allegations contained in Paragraph 5 of the Complaint, and avers that FEMA's Mitigation Division currently is the component that administers the NFIP.

6. The allegations in Paragraph 6 of the Complaint contain conclusions of law to which no answer is required. To the extent an answer is required, FEMA denies this Court has jurisdiction over this matter and avers that jurisdiction for a case under the National Flood Insurance Act, if appropriate, is defined by 42 U.S.C. § 4072.

7. FEMA admits that the property in question is situated in Marblehead, Massachusetts. The remaining allegations in Paragraph 7 of the Complaint appear to be statements of jurisdiction and venue, and contain conclusions of law to which no answer is required. To the extent an answer is required, FEMA denies the allegations contained in Paragraph 7.

8. The allegations in Paragraph 8 of the Complaint contain conclusions of law to which no answer is required. To the extent an answer is required, FEMA denies the allegations and avers that the terms of the statute speak for themselves.

9.     FEMA denies the allegations contained in Paragraph 9 of the Complaint, except to admit that Plaintiffs purchased a Standard Flood Insurance Policy (SFIP) issued through the NFIP, as authorized by the National Flood Insurance Act.

10.    FEMA denies the allegations contained in Paragraph 10 of the Complaint.  FEMA further avers, on February 27, 2003, Defendant received a document labeled Proof of Loss (POL) from Plaintiffs.  However, this document failed to comply with the POL requirements set out in the SFIP.

11.    The allegations in Paragraph 11 of the Complaint contain conclusions of law to which no answer is required.  To the extent an answer is required, FEMA denies the same and states that the SFIP is codified in the Federal Code of Regulations, Title 41, Part 61 and the SFIP is governed exclusively by the NFIA, the flood insurance regulations issued by FEMA, and Federal common law.  Finally, the SFIP speaks for itself.

12.    FEMA denies the allegations contained in Paragraph 12 of the Complaint, except to admit that on April 18, 2003 FEMA, through its servicing agent, sent Plaintiffs a letter, which speaks for itself.

13.    FEMA denies the allegations in Paragraph 13 of the Complaint, except to admit that Defendant's April 18, 2003 letter (Exhibit 1) is a document which speaks for itself.

14.    FEMA denies the allegations in Paragraph 14 of the Complaint, except to state that Defendant's April 3, 2003 letter (Exhibit 2) is a document which speaks for itself.

15.    The allegations in Paragraph 15 of the Complaint contain a description of Plaintiffs' request for relief to which no answer is required.  To the extent an answer is required, FEMA denies that Plaintiffs are entitled to such relief.

16. The allegations in Paragraph 16 of the Complaint contain a description of Plaintiffs request for relief and conclusions of law to which no answer is required. To the extent an answer is required, FEMA denies that Plaintiffs are entitled to such relief.

17. FEMA denies all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction as a result of Plaintiffs failure to properly serve the Defendant.

2. There is no waiver of sovereign immunity because Plaintiffs failed to comply with the terms and conditions of the Standard Flood Insurance Policy, and therefore this Court lacks subject matter jurisdiction.

3. Plaintiffs failed to state a claim upon which relief can be granted because Plaintiffs failed to comply with the requirements necessary to recover under the NFIP.

4. Plaintiffs failed to state a claim upon which relief can be granted because Plaintiffs seek compensation for items excluded from coverage under the SFIP.

5. Plaintiffs failed to state a claim upon which relief can be granted because Plaintiffs failed to comply with the requirements of the SFIP; namely, Plaintiffs failed to furnish the adjuster or FEMA with evidence that prior flood damage had been repaired. See 44 C.F.R. Part 61, App. (A)(2),VII(K)(2)(e).

6. Plaintiffs' claims are barred by the applicable statute of limitations.

7. Plaintiffs' claims are based by accord and satisfaction.

8. Plaintiffs' claims have been paid in full.

WHEREFORE, Defendant respectfully requests that judgment be entered in favor of Defendant dismissing with prejudice Plaintiffs' Complaint, Defendant be awarded his costs and fees, and the Court grant such other relief as may be appropriate.

Respectfully submitted,

MICHAEL D. BROWN,

By his attorneys,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Michael Sady
Michael Sady
Assistant U.S. Attorney
John J. Moakley Federal Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Dated: December 20, 2004          (617) 748-3100


LOCAL RULE 7.1 (A)(1) CERTIFICATION

The undersigned counsel certifies that he has attempted to confer with plaintiffs' counsel about the request of an extension, however to no avail.

 /s/ Michael Sady
Michael Sady


CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2004, I caused a copy of the attached document to be sent by first-class mail to plaintiffs' counsel, Jonathon D. Friedman, Rudolph Friedmann, LLP, 92 State Street, Boston, MA  02109.

 /s/ Michael Sady
Michael Sady